**KISA COX, Plaintiff**

**v.**

**FAGA WILLIAMS and LA WILLIAMS, Defendants**

High Court of American Samoa
Trial Division

CA No. 152-96

December 23, 1996

---

[3] TCW has received a default judgment in the amount of $9,694,780.66, plus interest (entered on September 26, 1996).

110

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Marie A. Lafaele
 For Defendants, Aumoeualogo Salanoa Soli

This action was commenced for summary eviction, pursuant to A.S.C.A. §§ 43.1401-43.1416, and came regularly for trial on November 15 and 29, 1996. Plaintiff Kisa Cox ("Cox") was present by counsel. Defendants Faga Williams and La Williams (together "the Williams") were present personally and by counsel.

Cox was not present on November 15, and the Williams objected to the · hearsay testimony offered through her attorney in fact. The Williams also represented that they were prepared to vacate the leased premises on November 30, 1996. We then continued the trial to November 29 to allow Cox additional time to prepare non-hearsay evidence on the eviction issue, if still necessary, and on damage issues, if the parties did not settle them. We took testimony on November 29.

## DISCUSSION

Cox and the Williams entered into an oral lease of Cox's house in Nu'uuli, American Samoa, beginning with the month of February 1996. The Williams agreed to pay a monthly rental of $500, less $50 if the Williams maintained the yard, and paid a $300 security deposit. Later, Cox agreed to reduce the rent to $350 per month, beginning with the month of August 1996. Cox reserved the right to terminate the lease at will until she determined that the Williams were suitable tenants. The parties would then enter into a writter lease. However, the parties never did enter into a written lease, and at all times, the Williams occupied the premises solely on the oral lease terms.

In mid-October 1996, because of late rent payments, Cox gave the Williams verbal notice to vacate the premises by November 30, 1996. On October 21, Cox discovered in the yard what she believed was marijuana and that evening directed the Williams to immediately vacate. Later Cox agreed to extend the departure date to October 31. The Williams failed to vacate by October 31, and Cox's counsel gave them a formal eviction notice and filed this action on November 6. The Williams moved out of the premises on November 28, 1996.

■ A party who asserts a monetary claim has the burden of proving each element of the damages sustained with reasonable certainty and by a preponderance of the evidence. 22 AM. JUR. 2D *Damages* § 902

111

(citation omitted). Cox now unconvincingly claims $50 in unpaid rent due to the Williams' failure to do yard work in June 1996. She also claims the Williams damaged the refrigerator and front door and, but she admits they are repaired. Cox also seeks damages for painting over wood paneling. The Williams did paint the paneling and the house generally, asserting without credibility Cox's permission. Further, a portion of a rear fence is down, but the evidence is insufficient to show that the Williams are responsible.

The Williams allege, without satisfactory proof, that the house was susceptible to rain flooding and the roof leaked, but that Cox refused to proceed with these repairs when informed of the Williams' $13,000 cost estimate. The Williams further allege but again do not satisfactorily prove that they spent at least $600 fixing the house and were granted a rent credit.

Thus, the damages shown by adequate proof were the damages caused when the Williams thoughtlessly painted the paneling. We believe that $300, the amount of the security deposit, is a reasonable and adequate estimation of Cox's damages resulting from this act.

■ A successful litigant in summary eviction cases may be awarded costs of suit, but not attorney's fees in absence of specific statutory authority or the parties' agreement. A.S.C.A. § 43.1412; RESTATEMENT (SECOND) OF TORTS § 914, comment a. Neither basis for attorney's fees is present in this case. Thus, Cox is additionally awarded only her costs.

### ORDER

1. The eviction issue is moot.
2. Cox is awarded $300 in damages. She may retain the $300 security deposit to pay for these damages.
3. Cox is also awarded her costs of suit.

It is so ordered.